IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-279-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTONIO RASHAAD DOVINE, | ) | |

This matter came yesterday before the undersigned upon conduct issues occurring during defendant's initial appearance yesterday morning before a magistrate judge on superceding indictment. When alerted, the undersigned added this matter to its afternoon docket. Defendant's outbursts which have characterized courtroom presentations to date persisted before the undersigned, and defendant was taken from the courtroom to a cell from which he was able to watch and listen to courtroom proceedings. This order memorializes decisions made yesterday and now, on defendant's motion to suppress and supplemental motion to suppress.

Defendant professes adherence to some doctrine(s) that he would argue relieve him of accountability for illegal actions alleged to have been taken by him, more particularly described in the record of the case. The arguments sought to be advanced by this defendant variously appear rooted on his purported understanding of Moorish Science Temple teachings, and the Uniform Commercial Code, and facilitated by certain nonsensical forms submitted into the record. The recent motion with attachments filed by this defendant on his own behalf (DE # 154) summarily denied yesterday at hearing, is one of many examples. Defendant has been admonished to disregard those who would counsel him to persist in his willful disregard for the law and processes involved, and

to work with and through his skilled attorney.

Through this sort of filing and repeated courtroom outbursts, defendant instead seeks to obstruct the orderly progress of his case. Defendant has entrenched right to represent himself, but it is not absolute. The exercise of his right would work injustice here. Unless and until defendant cabins his obstructionist expressions in court and demonstrates adherence to basic rules, the court has no cause to revisit its rulings denying defendant the right to represent himself. Defendant has been determined competent. Despite his abilities, he repeatedly refuses to recognize the court's authority, and through his courtroom misconduct plainly seeks to thwart justice. Motion made through counsel for represent himself is denied (DE # 112). The court will revisit upon request the issue of self-representation. It stands ready to reverse itself if defendant signals reversal of his obstreperous course of conduct and the court then is able at further hearing to determine defendant goes forward to represent himself mindful of courtroom rules and protocols so that the court fairly can administer proceedings including jury trial, with a defendant who understands the risks and difficulties involved in self-representation.

The court noted at hearing the government's failure timely to respond to the memorandum and recommendation ("M&R") entered on motion to suppress (DE # 114) and its supplement (DE # 123) made pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein the magistrate judge recommends that the court grant defendant's motions. The government's attorney confirmed that no opposition would be made.

Upon careful review of the underlying motions, the record developed at hearing before the magistrate judge, and the M&R, the court agrees and adopts as its own the magistrate judge's findings and recommendations in whole. Because no objections have been filed, the court reviews

the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon its independent review, and finding no error, with no opposition from the government, the court allows defendant's motion to suppress (DE # 114) and supplemental motion to suppress (DE # 123).

The court announced yesterday is determination that administrative conference be conducted to discuss scheduling of the trial. Said conference soon will be convened with counsel, and notice will issue by the clerk setting the matter for trial.

SO ORDERED, this the 11th day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge